UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
BETH KRAMER,                                                            :
                                                                        :
                                    Plaintiff,                         :
                                                                        :
                -v-                                                     :            26 Civ. 40 (JPC)
                                                                        :
MCKESSON CORPORATION,                                                  :            ORDER
                                                                        :
                                    Defendant.                         :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff Beth Kramer initiated this case by filing a Complaint on January 5, 2026. Dkt. 1. On January 29, 2026, Plaintiff filed an affidavit from a process server who purports to have served Defendant by delivering a copy of the Summons and Complaint to a "Vincenza Cipriano," who, according to the affidavit, is an "intake specialist." Dkt. 6. On February 9, 2026, the Court extended *sua sponte* Defendant's deadline to respond to the Complaint until February 23, 2026, and ordered Plaintiff to serve Defendant with a copy of that Order by personally delivering it to, and leaving it with someone of suitable age and discretion at, the same address at which Plaintiff served Defendant with copies of the Summons and Complaint. Dkt. 7. The Court further instructed that Plaintiff's proof of service must provide information indicating why it is reasonable to believe that the person that the Order is left with is qualified to accept service on behalf of Defendant. *See Fashion Page, Ltd. v. Zurich Ins. Co.*, 406 N.E.2d 747, 751 (N.Y. 1980) ("Delivering the summons to a building receptionist, not employed by the defendant, without any inquiry as to whether she is a company employee, would not be sufficient.").

On February 12, 2026, Plaintiff filed an affidavit of service of the Court's Order, again indicating that service was accepted by "Vincenza Cipriano," who is an "intake specialist." Dkt. 8.

Contrary to the Court's instruction, the affidavit provided no information indicating why it is reasonable to believe Vincenza Cipriano is qualified to accept service on behalf of Defendant.

By March 3, 2026, Plaintiff must file a letter, supported by an accompanying affidavit, explaining why it was reasonable for the process server to believe that Vincenza Cipriano was qualified to accept service on behalf of Defendant.  The Court further extends *sua sponte* Defendant's deadline to respond to the Complaint until March 10, 2026.

SO ORDERED.

Dated: February 24, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge

2